UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:21-cv-00610-FDW-DSC

| | |
|---|---|
| TIGRESS SYDNEY ACUTE MCDANIEL, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> LIBERTY MUTUAL INSURANCE ) <br> COMPANY *et al.*, ) <br> ) <br> Defendants. ) <br> ) | ORDER |

THIS MATTER is before the Court on the following motions: (1) Defendant LM Insurance Corporation's Motion to Dismiss the Original Complaint, (Doc. No. 56); (2) Defendant LM Insurance Corporation's Motion to Dismiss the Amended Complaint, (Doc. No. 58); (3) Defendant Liberty Mutual Equity Corporation's Motion to Dismiss the Amended Complaint, (Doc. No. 60); (4) Defendant Liberty Mutual Fire Insurance Company's Motion to Dismiss the Amended Complaint, (Doc. No. 63); (5) Defendant Liberty Mutual and Defendant Liberty Mutual Fire Insurance Company's Motion for Joinder, (Doc. No. 66); (6) Defendant MIB Group, Inc.'s Motion to Dismiss the Amended Complaint, (Doc. No. 67); (7) Defendant LM Insurance Corporation's Motion to Strike Plaintiff's Rule 15 Amendment, (Doc. No. 82); and (8) Defendant LM Insurance Corporation's Motion to Strike Plaintiff's Second Amended Complaint, (Doc. No. 88).

Plaintiff's *pro se* Second Amended Complaint, (Doc. No. 86), seeks to amend Plaintiff's first Amended Complaint, (Doc No. 41), to, *inter alia*, "correct the typographical mistake which effectually unintentionally excluded LM Insurance Corporation from the body of her Amended Complaint." (Doc. No. 86, p. 1). In reading Plaintiff's pleading liberally, the Court construes this

1

newest filing as a Motion for Leave to Amend pursuant to Federal Rule of Civil Procedure 15(a)(2). See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (stating a pleading filed by a *pro se* plaintiff must be liberally construed, being held to a "less stringent standard[ ] than formal pleadings drafted by lawyers."). For the reasons set forth below, the Court hereby GRANTS Plaintiff's Motion to Amend. The Court therefore DENIES AS MOOT the remaining motions, (Doc. Nos. 56, 58, 60, 63, 66, 67, 82, 88), without prejudice.

On November 10, 2021, Plaintiff filed her original Complaint, (Doc. No. 1). On March 4, 2022, with leave from Magistrate Judge David S. Cayer, Plaintiff filed her first Amended Complaint, (Doc. No. 41). As set forth above, Plaintiff now seeks to amend her first Amended Complaint to address certain typographical errors. See (Doc. No. 86). Defendants object to Plaintiff's request, and argue Plaintiff failed to obtain either their consent or leave from the Court to amend her filing pursuant to Rule 15(a)(2). (Doc. No. 88, p. 3).

Rule 15 states:

> (a) Amendments Before Trial.
> (1) *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:
> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
> (2) *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15. After careful review of the record, and particularly in light of the early stage of litigation in this matter, the Court finds that it is in the best interest of justice to allow one ***final***

amendment to Plaintiff's Complaint. Tahir Erk v. Glenn L. Martin Co., 116 F.2d 865, 871 (4th Cir. 1941) ("Where the opposing party will not be prejudiced, the liberal allowance of amendment of pleadings is a desirable complement to restriction of objections for substance and form.") (internal quotations omitted). Accordingly, the Court GRANTS Plaintiff's Motion for Leave to Amend and DENIES Defendant LM Insurance Corporation's Motion to Strike Amended Complaint, (Doc. No. 88). **<u>Notwithstanding the foregoing, the Court takes this opportunity to warn Plaintiff she will not be given a third opportunity to amend her complaint absent extraordinary circumstances.</u>**

As Plaintiff's second Amended Complaint supersedes all prior complaints, the Court DENIES AS MOOT Defendants' pending motions to dismiss Plaintiff's original Complaint and first Amended Complaint, (Doc. Nos. 56, 58, 60, 63, 67), Defendant LM Insurance Corporation's Motion to Strike Plaintiff's Rule 15 Amendment, (Doc. No. 82), Defendant Liberty Mutual and Defendant Liberty Mutual Fire Insurance Company's Motion for Joinder, (Doc. No. 66), and Defendant LM Insurance Corporation's Motion to Strike Amended Complaint, (Doc. No. 88). See Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (internal quotations omitted).

IT IS THEREFORE ORDERED that Plaintiff's Motion for Leave to Amend, (Doc. No. 86), is GRANTED.

IT IS FURTHER ORDERED that Defendants' Motions to Dismiss, (Doc. Nos. 56, 58, 60, 63, 67), Motion to Strike Plaintiff's Rule 15 Amendment, (Doc. No. 82), Motion for Joinder, (Doc.

3

No. 66), and Motion to Strike Amended Complaint, (Doc. No. 88), are DENIED AS MOOT WITHOUT PREJUDICE.

IT IS SO ORDERED.

Signed: June 1, 2022

_____
Frank D. Whitney
United States District Judge

4