UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:21-CV-00610-FDW-SCR

| | |
|---|---|
| **TIGRESS SYDNEY ACUTE MCDANIEL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| **LIBERTY MUTUAL INSURANCE** ) | |
| **COMPANY et al,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion for Summary Judgment, (Doc. No. 141), and Defendant MIB Group, Inc's Motion for Summary Judgment, (Doc. No. 143). Also before the Court are Plaintiff's Motions to Compel Discovery, (Doc. Nos. 146, 147). These matters have been fully briefed, (Doc. Nos. 142, 144, 148, 150, 151, 152, 153, 154, 155, 157), and are ripe for ruling. For the reasons set forth below, Defendant's Motion for Summary Judgment is GRANTED and Plaintiff's Motion for Summary Judgment is DENIED.

## I. BACKGROUND[1]

Defendant MIB Group, Inc. ("MIB") is an insurance service organization that assists its member life and health insurance companies in fighting fraud. Specifically, MIB provides information to life and health insurers when individuals apply for life, health, disability income, critical illness, and long-term care insurance policies. (Doc. No. 144, p. 1.) The information is sourced from other member life and health insurance companies. (Id.)

---

[1] The procedural history of this case is lengthy. The Court is only including the procedural history here as it relates to the one remaining defendant.

1

On March 16, 2021, Plaintiff requested a copy of her MIB Consumer File from Defendant. (Doc. No 144, p. 2.) On March 21, 2021, Defendant provided the Consumer File to Plaintiff. (Id.; Doc. No. 144-1, p. 9–12.) Plaintiff contends she sent a letter to Defendant on July 15, 2021, disputing her Consumer File. Defendant, however, asserts it never received any communications from Plaintiff following the transmission of her Consumer File. (Doc. No. 144, p. 3.)

On November 10, 2021, Plaintiff filed a *pro se* Complaint against Defendant as well as several other Defendants who have since been dismissed for the matter. (Doc. No. 1.) On November 30, 2021, the Court permitted Plaintiff's gross negligence claim to proceed and construed the Complaint as raising a Fair Credit Reporting Act ("FCRA") claim against Defendant. (Doc. No. 4.) On March 4, 2022, Plaintiff filed an Amended Complaint asserting claims for alleged violations of 42 U.S.C. §§ 1981, 1986; the FCRA; gross and vicarious negligence; and defamation against Defendant. (Doc. No. 41.) Following the filing of Defendant's motion to dismiss, (Doc. No. 67), Plaintiff filed a Second Amended Complaint on May 16, 2022, (Doc. No. 86). Ultimately, the Court granted Defendant's Motion to Dismiss in part, leaving only Plaintiff's claims under FCRA sections 1681g(a)(1) and 1681i(a) at present. (Doc. No. 122.)

## II. STANDARD OF REVIEW

### A. Motion to Compel Discovery

Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). The rules of discovery are to be accorded broad and liberal construction. See Herbett v. Lando, 411 U.S. 153, 177 (1979); Hickman v. Taylor, 329 U.S. 495, 507 (1947).

2

Case 3:21-cv-00610-FDW-SCR    Document 160    Filed 08/02/24    Page 2 of 9

However, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed. R. Civ. Pro. 26(c)(1).

Whether to grant or deny a motion to compel is generally left within a district court's broad discretion. See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 f.3d 922, 929 (4th Cir. 1995) (reviewing on appeal denial of motions to compel for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting a district court's substantial discretion in resolving motions to compel.

**B.      Motion for Summary Judgment**

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is material only if it might affect the outcome of the suit under governing law. Id.

The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal citations omitted). Once this initial burden is met, the burden shifts to the nonmoving party. The nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Id. at 322 n.3. The nonmoving party may not rely upon mere allegations or denials of allegations in his pleadings to defeat a motion for summary judgment. Id. at 324. The nonmoving party must present sufficient evidence from which "a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248; accord Sylvia Dev. Corp. v. Calvert Cnty., Md.,

3

Case 3:21-cv-00610-FDW-SCR    Document 160    Filed 08/02/24    Page 3 of 9

48 F.3d 810, 818 (4th Cir. 1995). Comparatively, when the moving party would bear the burden of proof at trial, the initial burden is satisfied by producing evidence upon which a reasonable jury could return a favorable verdict. Brinkley v. Harbour Recreation Club, 180 F.3d 596, 614 n.10 (4th Cir. 1999). In such circumstances, summary judgment will be granted unless the nonmoving party produces evidence upon which a reasonable jury could return a verdict in their favor. Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649 (4th Cir. 2002).

When ruling on a summary judgment motion, a court must view the evidence and any inferences from the evidence in the light most favorable to the nonmoving party. Anderson, 477 U.S. at 255. "'Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.'" Ricci v. DeStefano, 557 U.S. 557, 586 (2009) (quoting Matsushita v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Anderson, 477 U.S. at 248. Also, the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. Id. If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. Id. at 249-50. In the end, the question posed by a summary judgment motion is whether the evidence as applied to the governing legal rules "is so one-sided that one party must prevail as a matter of law." Id. at 252.

### III. ANALYSIS

#### A. Discovery Motions

Subsequent to the filing of both parties' motions for summary judgment, Plaintiff filed two discovery motions seemingly alleging deficiencies in Defendant's discovery responses and seeking additional information from Defendant. The Court notes it is unclear what additional

4

information Plaintiff specifically seeks.[2] As the Court's explains in analysis of the pending summary judgment motions, Plaintiff's claims must be dismissed as a result of evidence within her own control and not that of Defendant. Therefore, setting aside the more obvious shortcomings of Plaintiff's discovery motions, any additional discovery would be futile.

On January 19, 2024, this Court entered a Case Management Order requiring discovery to be completed by April 26, 2024. (Doc. No. 133.) On March 19, 2024, the Magistrate Judge granted a modest extension to the discovery period requiring all discovery to be completed by May 10, 2024. Expressly in the Magistrate Judge's Order, the parties were told, "[t]his deadline will not be extended again." (Text-only Order, March 19, 2024.) Then, on March 16, 2024, Plaintiff filed a discovery motion disputing Defendant's discovery response. (Doc. No. 146.) Subsequently, on March 22, 2024, Plaintiff filed a motion to compel discovery.[3] (Doc. No. 147.) Both discovery motions are clearly outside of the discovery period and Plaintiff has not provided good cause as to why they should be considered at this time. See Harris v. Connelly, No. 5:14-cv-128, 2015 WL 6829964, at *3 (W.D.N.C. Nov. 6, 2015) (citing Greene v. Swain Cnty. P'ship for Health, 342 F.Supp.2d 442, 229 (W.D.N.C. 2004)) (rejecting pro se plaintiff's arguments that he had "shown good cause for filing the motion to compel after the discovery period had already ended").

Accordingly, Plaintiff's discovery motions are untimely, fail to specify what discovery provided by Defendant is deficit or what additional discovery is sought, and would be futile. Thus, the Court DENIES Plaintiff's discovery motions.

**B.     Motion for Summary Judgment**

---

[2] See Waterson v. Burgess, No. 3:13-cv-159, 2015 WL 8485271, at *2 (W.D.N.C. Dec. 9, 2015) (denying a motion to compel discovery where plaintiff's motion does not specifically identify which responses he contends are deficient).
[3] The motion to compel discovery is dated May 10, 2024, and Plaintiff seems to contend it was within the discovery period. However, the motion was docketed as being hand-delivered to the Clerk of Court on May 22, 2024. Therefore, the Court finds the filing stamp dated May 22, 2024, to be the binding date.

1. Plaintiff's Affidavit

For purposes of motions for summary judgment, "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matter stated." Fed. R. Civ. P. 56(c)(4). Importantly, "summary judgment affidavits cannot be conclusory." Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 962 (4th Cir. 1996).

Here, attached to her motion for summary judgment, Plaintiff offers a one-sentence affidavit affirming, "I attest to all stated in my motion for summary judgment and exhibits attached and incorporated herewith as true and accurate." (Doc No. 141-1, p. 1.) While Plaintiff is proceeding *pro se*, she also indicates on all filings that she holds a Juris Doctor degree and identifies herself as a lawyer. Not only is Plaintiff's affidavit noncompliant with the Federal Rules of Civil Procedure, but it also provides limited clarity as to what facts Plaintiff submits in support of her motion. Furthermore, the motion contains statements, allegations, and opinions that are not the proper subject of an affidavit. As such, the Court finds it appropriate to strike Plaintiff's affidavit from the record and not consider it as evidence for purposes of the pending summary judgment motions.

2. 15 U.S.C. § 1681g(a)(1) Claim

Pursuant to 15 U.S.C. § 1681g(a)(1), "[e]very consumer reporting agency shall, upon request . . . clearly and accurately disclose to the consumer [a]ll information in the consumer's file at the time of the request." While Plaintiff contends "all elements have been met to merit summary judgment in Plaintiff's favor", the uncontroverted evidence before this Court demonstrates otherwise. Namely, on March 16, 2021, Plaintiff submitted an online request to Defendant for her free annual disclosure of her MIB Consumer File. (Doc. No. 144-1, p. 2, 7.) On March 24, 2021,

6

Defendant provided "[a]ll information in [Plaintiff's] consumer file" to Plaintiff. (Doc. No. 144-1, p. 3, 9–12.) Plaintiff does not dispute receipt of her Consumer File from Defendant. In fact, Plaintiff expressly states in her motion Defendant responded to her request and Plaintiff provides the file to the Court as an exhibit attached thereto. (Doc. No. 141, p. 2, 5; Doc. No. 141-2, p. 9–16.) There is no evidence indicating the Consumer File provided to Plaintiff is lacking in completeness.[4] Accordingly, the Court GRANTS summary judgment on Plaintiff's 15 U.S.C. § 1681g(a)(1) claim to Defendant as there is no dispute of material facts as to Plaintiff receiving her consumer file.

3. 15 U.S.C. § 1681i(a) Claim

Pursuant to 15 U.S.C. § 1681i(a), consumer reporting agencies are required to "conduct a reasonable reinvestigation" when a consumer disputes the contents of their consumer file. The consumer must "notif[y] the agency *directly*[5] . . . of such dispute." 15 U.S.C. § 1681i(a)(A) (emphasis added). Under the common-law mailbox rule, proof of proper mailing—including proper address, postage, and delivery to the United States mails—gives rise to a rebuttable presumption that the document was physically delivered to the addressee. See Pond v. United States, 69 F.4th 155, 162 (4th Cir. 2023) (citing United States v. Baldwin, 921 F.3d 836, 840 (9th Cir. 2019)).

Here, Plaintiff alleges she sent a letter disputing the accuracy of the information in her Consumer File through the United States Postal Service to Defendant on July 15, 2021. As an initial matter, the alleged letter to Defendant was made available for the first time as an exhibit

---

[4] Plaintiff's dispute as to the accuracy of the consumer file, especially as it relates to criminal actions, is seemingly undercut by Plaintiff admitting the criminal complaints "were accessible in government public records for all times material hereto." (Doc. No. 141, p. 4.) While Plaintiff appears to actively be working with the appropriate agencies to dispute the criminal actions, Defendant appears to have accurately reported the information at the time relevant to this matter. Regardless, this is immaterial to the Court's ruling on summary judgment.
[5] To the extent Plaintiff attempts to argue Defendant had indirect or reasonable notice of Plaintiff's dispute, the argument is to no avail. The clear, unambiguous language of the statute requires direct notice to Defendant.

attached to Plaintiff's motion for summary judgment. (Doc. No. 141-2, p. 20–21.) The letter does not include an address and none of Plaintiff's filings state where the letter was sent. Plaintiff has also submitted no evidence demonstrating proper mailing or delivery to Defendant. While Plaintiff is correct in stating she was not required to use certified mail, the facts before the Court do not give rise to a presumption of delivery.

Even if Plaintiff had provided sufficient evidence to warrant a presumption of delivery, there are ample facts to rebut the presumption. Patti Dewitt, the Vice President of Member Services at MIB, expressly stated in her affidavit "[Defendant] did not receive any dispute about the contents of [Plaintiff's] Consumer File Disclosure" prior to the alleged letter being used as an exhibit for Plaintiff's motion.[6] (Doc. No. 144-1, p. 3.) Additionally, as part of their standard business practices, "MIB's office manager gives [a consumer dispute received via physical mail] to MIB's two 'Customer Care Specialists'", "MIB's two Customer Care Specialists divide all consumer disputes received by MIB between themselves for processing", and "each MIB Customer Care Specialists scans into [a Consumer Information System] the consumer disputes received by physical mail that they are responsible for processing." (Doc. No. 144-1, p. 3–4.) Therefore, the lack of a consumer dispute from Plaintiff in Defendant's online operating system is sufficient to rebut a presumption of delivery. Accordingly, the Court GRANTS summary judgment on Plaintiff's 15 U.S.C. § 1681i(a) claim to Defendant as there is no dispute of material facts as to delivery of a consumer dispute by Plaintiff to Defendant.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motions to Compel Discovery, (Doc. Nos. 146, 147), are **DENIED**.

---

[6] The Court notes, upon receipt of Plaintiff's consumer disputes through her motion for summary judgment, Defendant has initiated a timely investigation as part of its standard dispute investigation process. (Doc. No. 144-1, p. 4.)

8

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment, (Doc. No. 143), is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment, (Doc. No. 141), is **DENIED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Waive Mediation, (Doc. No. 141), is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Extension of Time to Join Mutual of Omaha, (Doc. No. 148), is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Signed: August 2, 2024

Frank D. Whitney
United States District Judge